# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

**v.**                                                            Case No. 05-20017-02-JWL
                                                                        Civil Case No:   13-2281-JWL

**Miguel Romero,**

    **Defendant.**

## MEMORANDUM & ORDER

In March 2006, a jury convicted defendant Miguel Romero of various drug-trafficking crimes, including conspiracy to distribute and possession with intent to distribute methamphetamine. In September 2006, he was sentenced to life imprisonment. On appeal, the Tenth Circuit affirmed Mr. Romero's conviction and sentence. *See United States v. Verdin-Garcia*, 516 F.3d 884 (10th Cir. 2008). Mr. Romero's petition for a writ of certiorari was denied in October 2008. *Verdin-Garcia v. United States*, 555 U.S. 868 (Oct. 6, 2008). This matter is now before the court on Mr. Romero's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 341). As will be explained, the motion is dismissed because it was untimely filed.

A defendant's § 2255 motion is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which establishes a one-year limitations period for federal prisoners seeking habeas relief. Under 28 U.S.C. § 2255(f), a criminal defendant may file a habeas petition one year from the latest of four circumstances:

    (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Mr. Romero offers no facts or allegations suggesting that subsection (2) would apply to his motion. With respect to subsections (3) and (4), Mr. Romero claims that he discovered on April 13, 2013 through a FOIA request that the government, prior to trial, extended a plea offer to Mr. Romero through his counsel. He asserts that his counsel never advised him about this offer and that he believed he had no alternative but to proceed to trial. Mr. Romero does not allege specifically when he made his FOIA request, but he states that he did so after the Supreme Court's decisions in *Lafler v. Cooper*, 132 S. Ct. 1376 (2012) and *Missouri v. Frye*, 132 S. Ct. 1399 (2012) because those cases triggered in his mind the need to investigate whether his counsel had failed to disclose any plea offers to him. To the extent Mr. Romero relies on § 2255(f)(3) to extend his filing deadline, the argument is foreclosed by the Tenth Circuit's decision in *In re Graham*, 714 F.3d 1181, 1182-83 (10th Cir. 2013), wherein the Circuit held that *Lafler* and *Frye* did not establish a new rule of constitutional law for purposes of § 2255(3).

Moreover, Mr. Romero does not suggest that the information he obtained through his FOIA request was not available at the time of his conviction (either through a FOIA request at that time or through some other means) and it is clear that he did not attempt to obtain the

2

information at any time prior to *Lafler* and *Frye* despite the fact that the Tenth Circuit, long before *Lafler* and *Frye*, recognized that defense counsel has a duty to convey plea offers to the client and that the failure by counsel to do so could serve as the basis for an ineffective assistance of counsel claim. *See United States v. Lazcano-Villalobos*, 33 Fed. Appx. 927 (10th Cir. 2002). Given these circumstances, Mr. Romero has not established that he acted with due diligence to discover the "facts" supporting his claims and, accordingly, the date on which Mr. Romero received a response to his FOIA request does not qualify as a "date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence." *United States v. Rauch*, 2013 WL 1240835, at *1 (10th Cir. Mar. 28, 2013) (for § 2255(f)(4) argument to succeed, petitioner must show that he was unable to discover the basis for his claim within the one-year limitations period); *United States v. Bayron*, 2012 WL 3704787, at *1-2 (E.D. Pa. Aug. 9, 2012) (FOIA request did not extend filing deadline under § 2255(f)(4) where information obtained was available at the time of conviction); *Chi Fai Wong v. United States*, 2008 WL 4682428, at *2 (E.D.N.Y. Oct. 21, 2008) (FOIA request did not support finding of timeliness under § 2255(f)(4) where request was filed more than one year after conviction became final and information was available years earlier).[1]

As such, the one-year limitations period began to run on the date on which his judgment of conviction became final. Mr. Romero's judgment became final on October 6, 2008, the date

---

[1] In its response brief (which reads much like a form brief that might be submitted in response to any arguably untimely § 2255 motion), the government does not address Mr. Romero's § 2255(f)(3) & (4) arguments in any respect and simply states, in one sentence, that "there is nothing to indicate the applicability of any of the provisions of subsections (2), (3), or (4)." But even the most cursory review of Mr. Romero's memorandum in support of his motion reflects that he has raised his § 2255(f)(3) & (4) arguments in very clear terms.

on which the Supreme Court denied his petition for a writ of certiorari. *See United States v. Martinez*, 303 Fed. Appx. 590, 594 (10th Cir. 2008) (citing *Clay v. United States*, 537 U.S. 522, 527 (2003)). Mr. Romero filed his § 2255 motion on June 10, 2013—long after the close of the one-year limitations period. He is now time-barred from filing a habeas petition in the absence of showing justification for equitable tolling of the one-year limitations period.

AEDPA's one-year limitations period may be tolled for equitable reasons, but only "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Generally, equitable tolling is appropriate if the movant shows both "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). To show due diligence, the movant must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)). Excusable neglect, however, does not support equitable tolling. *See Gibson*, 232 F.3d at 808. Equitable tolling also may be appropriate if the movant is actually innocent. *See id*. Finally, a movant bears the burden of demonstrating that equitable tolling is appropriate in this action. *See Miller*, 141 F.3d at 977.

Mr. Romero does not set forth any extraordinary circumstances that merit equitable tolling of the limitations period. He does not assert that he diligently pursued his claims (indeed, he concedes that he ignored his claims until *Lafler* and *Frye*), he does not advance a claim of actual innocence, he has not shown that the government's conduct prevented him from timely filing, and he does not otherwise contend that his untimely filing was caused by circumstances beyond his control. Because Mr. Romero filed his § 2255 petition outside the one

year limitations period, and equitable tolling is not warranted in this action, his motion is time-barred under § 2255(f). Thus, his § 2255 petition is dismissed as untimely.

The court turns, then, to resolve whether Mr. Romero has "succeeded in meeting the standards Congress and the Supreme Court have imposed" for the issuance of a certificate of appealability. *United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008). In order to obtain a COA, Mr. Romero must show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 478 (2000)). He cannot make this showing. Mr. Romero's motion is undisputedly untimely filed and the court has no jurisdiction to proceed. Reasonable jurists, therefore, could not debate the court's decision to dismiss and the court denies a certificate of appealability.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Romero's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 (doc. 341) is **dismissed** and a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

Dated this 26th day of August, 2013, at Kansas City, Kansas.

    s/ John W. Lungstrum
    John W. Lungstrum
    United States District Judge