IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

v.                                    Case No. 05-20017-02-JWL

**Miguel Romero,**

      **Defendant.**

## MEMORANDUM & ORDER

A jury convicted defendant Miguel Romero of multiple drug crimes, including conspiracy to distribute more than 50 grams of methamphetamine and distribution of methamphetamine. At the time of Mr. Romero's sentencing, the Guidelines as applied to Mr. Romero provided for a base offense level of 38, an adjusted offense level of 43, a criminal history category of IV, and a resulting advisory Guidelines range of life imprisonment. The court ultimately sentenced Mr. Romero to three terms of life imprisonment; one term of ten years; and two terms of four years to run concurrently. Mr. Romero appealed, and the Tenth Circuit affirmed his conviction and sentence. *United States v. Romero*, 516 F.3d 884 (10th Cir. 2008).

This matter is before the court on Mr. Romero's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) in which Mr. Romero asks the court to reduce his sentence based on Amendment 782 to the United States Sentencing Guidelines which took effect on November 1, 2014 and lowers the base offense levels in the Drug Quantity Table. Under the amended guidelines, Mr. Romero's base offense level for the same drug quantities is 36 and his

adjusted offense level is 41. With a criminal history category of IV, his applicable guideline range is now 360 months to life imprisonment. In his motion for reduction, Mr. Romero seeks a reduction of his sentence to 360 months. As will be explained, the motion is denied.

Following the Supreme Court's decision in *Dillon v. United States*, 560 U.S. 817 (2010), the Tenth Circuit has recognized that "§ 3582(c)(2) prescribes a two-step inquiry for determining whether a defendant is entitled to have his originally-imposed sentence reduced: the first question, a matter of law, is whether a sentence reduction is even *authorized*; the second question, a matter of discretion, is whether an authorized reduction is in fact *warranted*." *United States v. White,* 765 F.3d 1240, 1245 (10th Cir. 2014) (emphasis in original). Because the government does not dispute that a sentence reduction is authorized in this case, only the second question is at issue here. In determining whether a sentence is warranted, the district court must "consider the § 3553(a) sentencing factors, including the nature, seriousness, and circumstances of the offense, the history and characteristics of the defendant, the need to protect the public from further crimes of the defendant, and any threat to public safety." *United States v. Meridyth*, 573 Fed. Appx. 791, 794 (10th Cir. 2014) (citations omitted).

When calculating an appropriate sentence for Mr. Romero in September 2006, the court overruled various objections asserted by Mr. Romero with respect to the drug quantities assigned to him. In overruling those objections, the court noted that the evidence was "absolutely overwhelming" that the quantities attributable to Mr. Romero "far exceed[ed]" the amount necessary to arrive at a base offense level of 38. In fact, the court determined with ease that the drug quantity attributable to the defendant was 89,809.58 kilograms of marijuana equivalent—far beyond the 30,000 kilograms of marijuana equivalent necessary to reach a base

offense level of 38 at that time. In light of Amendment 782, a total of 90,000 kilograms of marijuana equivalent is now necessary to reach a Level 38. The amount attributable to Mr. Romero, then, falls just shy of qualifying for a base offense level of 38. In other words, while it is undisputed that a reduction is authorized in this case, it is also beyond dispute that the amount of drugs attributable to Mr. Romero just barely qualifies for a base offense level of 36. Moreover, as the court noted during sentencing, this case involved "the most significant quantities of drugs" that the court had seen in any prosecution. These facts suggest to the court that a sentence at the high-end of the new range is appropriate.

Other facts also fully support the imposition of a high-end sentence in the new range. When the court sentenced Mr. Romero to the advisory life sentence in September 2006, it did so without hesitation. In addition to the sheer volume of drugs involved in this case, the court noted during sentencing that Mr. Romero's crimes involved weapons and the utilization of young people as recruited associates; that Mr. Romero showed no respect for the law, particularly in light of the fact that he was previously convicted of drug trafficking, was deported and, upon re-entering, engaged again in extensive drug trafficking activities; that Mr. Romero denied his guilt at his sentencing; he demonstrated a lack of remorse for his crimes; he engaged in a leadership role in the crimes; and he demonstrated a propensity to engage in criminal conduct. For these reasons, the court rejects Mr. Romero's suggestion that Mr. Romero's age makes him unlikely to recidivate upon release such a reduction is warranted. The court further rejects Mr. Romero's suggestion that a reduction is appropriate because he "has already been replaced by another methamphetamine dealer" in the market (and, accordingly, the harm to society is the same in any event). In sentencing Mr. Romero to a life sentence, the court

was not so concerned with "slowing" the drug market as it was with punishing Mr. Romero. Thus, regardless of whether Mr. Romero has been replaced in the drug business, the court remains convinced that a life sentence is appropriate based on the circumstances already described.

For the foregoing reasons, while the court accepts that a reduction is authorized in this case, the court would sentence Mr. Romero at the high-end of the amended guidelines range of 360 months to life, resulting in a life sentence. Mr. Romero's motion, then, is denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Romero's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (doc. 396) is denied.

**IT IS SO ORDERED.**

Dated this 18th day of November, 2015, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge