IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

       **Plaintiff,**

**v.**                                             Case No. 05-20017-02-JWL

**Miguel Romero,**

       **Defendant.**

### MEMORANDUM & ORDER

A jury convicted defendant Miguel Romero of multiple drug crimes, including conspiracy to distribute more than 50 grams of methamphetamine and distribution of methamphetamine. At the time of Mr. Romero's sentencing, the Guidelines as applied to Mr. Romero provided for a base offense level of 38, an adjusted offense level of 43, a criminal history category of IV, and a resulting advisory Guidelines range of life imprisonment. The court ultimately sentenced Mr. Romero to three terms of life imprisonment; one term of ten years; and two terms of four years to run concurrently. Mr. Romero appealed, and the Tenth Circuit affirmed his conviction and sentence. *United States v. Romero*, 516 F.3d 884 (10th Cir. 2008).

In June 2016, Mr. Romero filed a motion for appointment of counsel and for "preservation of the *Johnson* case" in which he sought to file a successive § 2255 petition in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). The court denied the motion to the extent Mr. Romero sought the appointment of counsel and dismissed the motion to extent Mr. Romero sought leave to file a successive petition. Specifically, the court held that it was not

authorized to grant leave to file a successive petition and it declined to transfer Mr. Romero's motion to the Circuit for authorization because Mr. Romero was not sentenced under the Armed Career Criminal Act and his sentence was not enhanced under any guideline potentially implicated by *Johnson*. In so holding, the court rejected Mr. Romero's argument that *Johnson* applies to the firearm enhancement he received under § 2D1.1(b)(1).

Mr. Romero has now filed a motion to alter or amend the judgment in which he insists that the firearm enhancement fits "squarely" within *Johnson*. The motion is denied and the court reaffirms its holding that *Johnson* and its progeny have no effect on the two point enhancement Mr. Romero received for possessing a firearm. As another district court recently explained:

> It is difficult to see what *Johnson* has to do with § 2D1.1(b)(1). Again, *Johnson* invalidated the phrase "otherwise involves conduct that presents a serious potential risk of physical injury to another" as used in the ACCA. That phrase does not appear in § 2D1.1(b)(1). The only connection between *Johnson* and § 2D1.1(b)(1) is that both concern unlawful possession of a firearm. But this glancing similarity, taken alone, does not transform [the defendant's ]claim that the Court should not have applied § 2D1.1(b)(1) at sentencing into a claim under the new rule established by *Johnson*.

*United States v. Munoz*, ___ F. Supp. 3d ___, 2016 WL 4059225, at *3 (D. Minn. July 29, 2016); *accord United States v. Beckham*, 2016 WL 3941021, at *2 (D.S.C. July 21, 2016) (*Johnson* has not effect on firearm enhancement under § 2D1.1(b)(1)); *Galvan v. United States*, 2016 WL 3855881, at *2 (N.D. Tex. July 5, 2016) (same); *Heard v. United States*, 2016 WL 3219718, at *2 (M.D. Fla. June 10, 2016) (*Johnson* has no application to guideline enhancement under § 2D1.1(b)(1); *Carrasco v. United States*, 2016 WL 3275397, at *2 (S.D.N.Y. June 3, 2016) (same)).

The cases cited by Mr. Romero in his motion are not applicable to this case. In *In re Pinder*, ___ F.3d ___, 2016 WL 3081954 (11th Cir. June 1, 2016), the Eleventh Circuit authorized the filing of a successive petition where the defendant—unlike Mr. Romero—received an enhanced sentence under a statute (18 U.S.C. § 924(c)) that contained "crime of violence" language that largely mirrored the language utilized in the ACCA. *Pinder* did not involve a firearm enhancement under § 2D1.1(b)(1). Similarly, the Supreme Court's decision in *Rosemond v. United States*, 134 S. Ct. 1240 (2014) has no bearing on the issue raised by Mr. Romero. Finally, Mr. Romero's citation to the Tenth Circuit's recent decision in *United States v. Little*, ___ F.3d ___, 2016 WL 3902581 (10th Cir. July 19, 2016) does not advance his argument in any respect. In that case, the defendant received an enhanced sentence under the residual clause of career offender guideline—a guideline that is not at issue in this case.

For the foregoing reasons, the court denies Mr. Romero's motion to alter or amend.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Romero's motion to alter or amend (doc. 418) is denied.

**IT IS SO ORDERED.**

Dated this 3rd day of August, 2016, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge