# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

**v.**                     **Case No. 05-20017-02-JWL**

**Miguel Romero,**

    **Defendant.**

## MEMORANDUM & ORDER

A jury convicted defendant Miguel Romero of multiple drug crimes, including conspiracy to distribute more than 50 grams of methamphetamine and distribution of methamphetamine. The court ultimately sentenced Mr. Romero to three terms of life imprisonment; one term of ten years; and two terms of four years to run concurrently. Mr. Romero appealed, and the Tenth Circuit affirmed his conviction and sentence. *United States v. Romero*, 516 F.3d 884 (10th Cir. 2008). Later, the court denied Mr. Romero's motion for a sentence reduction under Amendments 782 and 788 and the Circuit affirmed that decision. *United States v. Verdin-Garcia*, 824 F.3d 1218 (10th Cir. 2016).

This matter is presently before the court on Mr. Romero's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. #447). Mr. Romero asserts that he has exhausted his administrative remedies such that this court has jurisdiction to resolve the motion. *See id*. (defendant may bring a motion after he has exhausted administrative appeals of the BOP's failure to bring a motion on defendant's behalf or after the lapse of 30 days from the receipt of such a request by the warden, whichever is earlier). But as the government highlights in its

response, Mr. Romero has not demonstrated proper exhaustion of his administrative remedies. At most, Mr. Romero has shown that he submitted a request to the warden in September 2019 and October 2019 but that those requests were rejected because Mr. Romero had not attempted informal resolution. The rejection notice directs Mr. Romero to resubmit his administrative appeal upon completing his BP-8 form and to include a release plan. The record does not reflect whether Mr. Romero submitted form BP-8 to prison staff and he is required to do so. *See* 28 C.F.R. § 542.13(a), (b). Accordingly, the motion is dismissed for lack of jurisdiction, without prejudice to the filing of another motion once Mr. Romero has properly satisfied the exhaustion requirement.[1]

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Romero's motion for compassionate release (doc. 447) is dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated this 13th day of July, 2020, at Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge

---

[1] Mr. Romero's deadline to file a reply to the government's response to his motion was July 3, 2020. That deadline has passed with no reply filed by Mr. Romero. Nonetheless, Mr. Romero is not prejudiced by the court's resolution of the motion without the reply brief, as he may simply refile his motion once he has exhausted his administrative remedies.