IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

   **Plaintiff,**

**v.**                Case No. 05-20017-02-JWL

**Miguel Romero,**

   **Defendant.**

### **MEMORANDUM & ORDER**

A jury convicted defendant Miguel Romero of multiple drug crimes, including conspiracy to distribute more than 50 grams of methamphetamine and distribution of methamphetamine. The court ultimately sentenced Mr. Romero to three terms of life imprisonment; one term of ten years; and two terms of four years to run concurrently. Mr. Romero appealed, and the Tenth Circuit affirmed his conviction and sentence. *United States v. Romero*, 516 F.3d 884 (10th Cir. 2008). Later, the court denied Mr. Romero's motion for a sentence reduction under Amendments 782 and 788 and the Circuit affirmed that decision. *United States v. Verdin-Garcia*, 824 F.3d 1218 (10th Cir. 2016).

This matter is now before the court on defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. 482). The Tenth Circuit has endorsed a three-step test for district courts to utilize in connection with motions filed under § 3582(c)(1)(A). *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)). Under that test, a court may reduce a sentence if the defendant administratively exhausts his or her claim and three other requirements are met: (1)

"extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a).  *Id.*[1]  A court may deny compassionate-release motions when any of the three prerequisites is lacking and need not address the others. *Id*. at 1043.  But when a district court grants a motion for compassionate release, it must address all three steps.  *Id*.  As will be explained, defendant has not come forward with extraordinary and compelling reasons sufficient to warrant a reduction in his sentence.  The court, then, declines to address the other prerequisites.

In his motion, defendant contends that a combination of factors constitute extraordinary and compelling reasons sufficient to warrant his release—a change in the sentencing laws by virtue of the First Step Act; the COVID-19 pandemic generally; the deteriorating health of his elderly mother, whom he desires to care for in Mexico; and his rehabilitative efforts while in custody.  The court rejects each of these arguments and, even taken together, they simply do not warrant compassionate release in this case.

The court begins with, and rejects, defendant's contention that a sentencing disparity exists in this case.  According to defendant, he was sentenced to life imprisonment based on a statutory mandatory minimum that was later reduced by the First Step Act to 25 years and he contends that this sentencing change warrants a reduction in his sentence.  Contrary to

---

[1] The government contends that the court should deny the motion for failure to exhaust administrative remedies to the extent he seeks release based on his mother's health condition because this issue was not presented in his request to the Warden.  Because the Circuit has held that administrative exhaustion is not jurisdictional, *United States v. Hald*, 8 F.4th 932, 942 n.7 (10th Cir. 2021), the court assumes without deciding that defendant exhausted his administrative remedies on this issue and proceeds to the merits of that issue.

defendant's assertion, however, the court sentenced him to life imprisonment not based on a statutory mandatory minimum but based on an advisory Guidelines range of life imprisonment that was correctly calculated in the PSR.  *See United States v. Romero*, 516 F.3d 884, 895-99 (10th Cir. 2008).  Moreover, even when Amendment 782 had the effect of lowering defendant's advisory Guidelines range from life imprisonment to 360 months to life imprisonment, the court declined to reduce defendant's sentence, finding that the high end of the amended range was still appropriate.  In short, no sentencing disparity exists here.

Defendant raises concerns about COVID-19 only in passing.  Significantly, defendant concedes in his motion that he has no health issues and is generally healthy.  The medical records reveal that defendant, in November 2020, tested positive for COVID-19 but there is no indication that defendant has any lingering effects from the infection or that he required any medical treatment for that infection.  The fact that defendant has already contracted and recovered from COVID-19 cuts against his argument that compassionate release is warranted.  *See United States v. Lee*, 849 Fed. Appx. 601, 602 (7th Cir. 2021) (district court did not abuse discretion in denying motion for compassionate release where, among other things, the defendant had recovered from an asymptomatic COVID-19 infection such that health complications from COVID-19 were unlikely); *United States v. Mackety*, 2021 WL 2345764, at *2 (6th Cir. June 8, 2021) (same); *United States v. Hays*, 2021 WL 3280729, at *3 (D. Or. July 30, 2021) (denying motion for compassionate release because defendant had already contracted and recovered from COVID-19); *United States v. Funez*, 2021 WL 168447, at *3 (D. Colo. Jan. 19, 2021) (finding it significant that the defendant had already contracted COVID-19 and recovered without incident).  Defendant's concerns about COVID-19, then, do not rise to the

3

level of "extraordinary and compelling" circumstances sufficient to justify compassionate release. *See United States v. Birdsong*, 2020 WL 7316101, at \*5 (D. Kan. Dec. 11, 2020) ("While the Court is sympathetic to Birdsong's concerns, generalized concerns about COVID-19, even when the virus has spread within a correctional facility, do not create the type of extraordinary and compelling circumstances sufficient to justify compassionate release.").[2]

The court also rejects defendant's contention that extraordinary and compelling reasons exist for his release based on his mother's health condition. Defendant has provided no medical records or other evidence relating to his mother's medical condition. He does not explain who is caring for his mother now and fails to support his contention that he is the only person capable of caring for her, particularly in light of other evidence in the record that defendant has many family members in Mexico. In short, there is simply no evidence from which the court could conclude that the health condition of defendant's mother constitutes an extraordinary and compelling circumstance sufficient to warrant release.

Lastly, the court rejects defendant's argument that his rehabilitation and substantial prison time constitute extraordinary and compelling circumstances sufficient to warrant early release. Generally, the rehabilitation of an inmate during his or her incarceration is not grounds for compassionate release. *See, e.g., United States v. Alvarez*, 2020 WL 4904586, at \*5 (E.D.N.Y. Aug. 20, 2020); 28 U.S.C. § 994(t) ("Rehabilitation of the defendant *alone* shall not be considered an extraordinary and compelling reason.") (emphasis in original); *see also United States v. Saldana*, 807 Fed. Appx. 816, 820 (10th Cir. Mar. 26, 2020) (district court did not err

---

[2] The court also notes that although defendant seeks release because of a concern about COVID-19, defendant has not explained why he refused a vaccination offered to him.

4

in finding, consistent with § 994(t), that defendant's rehabilitation alone was not an extraordinary and compelling reason for a sentence reduction). And while some courts have found extraordinary and compelling circumstances to exist when presented with applications by defendants who had spent substantial time in prison and had demonstrated significant rehabilitation during that time, those courts also found a specific defect or inequity in the defendant's sentence, *see Alvarez*, 2020 WL 4904586, at *5, such as Congress's decision to eliminate stacked sentencing under § 924(c). *See, e.g., United States v. Nafkha*, 2021 WL 83268, at *4 (D. Utah Jan. 11, 2021) (young age at time of offenses, rehabilitation in prison, good character and elimination of mandatory sentence stacking under § 924(c), considered together, established extraordinary and compelling reasons for compassionate release) (collecting cases). That critical factor is absent from the record here. Defendant, as noted earlier, has not shown anything objectionable about the length of his sentence or any reason why his sentence would be less if imposed today.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Romero's motion for compassionate release (doc. 482) is denied.

**IT IS SO ORDERED.**

Dated this 19th day of October, 2021, at Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge