IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

        **Plaintiff,**

**v.**                                                                    Case No. 05-20017-02-JWL

**Miguel Romero,**

        **Defendant.**

## MEMORANDUM & ORDER

A jury convicted defendant Miguel Romero of multiple drug crimes, including conspiracy to distribute more than 50 grams of methamphetamine and distribution of methamphetamine. At the time of Mr. Romero's sentencing, the Guidelines as applied to Mr. Romero provided for a base offense level of 38, an adjusted offense level of 43, a criminal history category of IV, and a resulting advisory Guidelines range of life imprisonment. The court ultimately sentenced Mr. Romero to three terms of life imprisonment; one term of ten years; and two terms of four years to run concurrently. Mr. Romero appealed, and the Tenth Circuit affirmed his conviction and sentence. *United States v. Romero*, 516 F.3d 884 (10th Cir. 2008).

In 2015, Mr. Romero filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines. Under the amended guidelines, Mr. Romero's base offense level for the same drug quantities was 36 and his adjusted offense level was 41. With a criminal history category of IV, his applicable guideline range became 360 months to life imprisonment and Mr. Romero sought a reduction to 360 months. The court denied the motion, recognizing that Mr. Romero was eligible for a reduction but

concluding that a reduction was not warranted and that several factors supported the imposition of a high-end sentence in the amended range.  The Circuit affirmed that decision.  *United States v. Verdin-Garcia*, 824 F.3d 1218 (10th Cir. 2016).

This matter is now before the court on defendant's renewed motion for a sentence reduction pursuant to Amendments 782 and 788 (doc. 494).  In that motion, he asks the court to "reassess" its conclusion from years ago in light of his rehabilitative efforts in custody and his assertion that a 360-month sentence is ample punishment for his conduct. As the government contends, the motion must be denied as untimely.  Mr. Romero's motion is clearly a motion for reconsideration and was required to be filed within 14 days of the original order.  *See* D. Kan. Rule 7.3(b); *United States v. Randall*, 666 F.3d 1238, 1242 (10th Cir. 2011) (holding that motion to reconsider "the denial of a § 3582(c)(2) motion must be brought within the time for appeal").  Because Mr. Romero's motion was filed more than six years after the original order, it is untimely.  *See United States v. Ramsey*, 2021 WL 4452337, at *1-2 (10th Cir. Sept. 29, 2021) (motion for reduced sentence pursuant to Amendment 782 was properly denied as untimely when it was filed more than 5 years after initial order denying relief); *United States v. Randall*, 666 F.3d 1238, 1242-43 (10th Cir. 2011) (a district court's ruling on a § 3582(c)(2) motion should not be open for reconsideration indefinitely, otherwise defendants could easily circumvent Rule 4(b)).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's renewed motion for a sentence reduction pursuant to Amendments 782 and 788 (doc. 494) is denied as untimely.

**IT IS SO ORDERED.**

2

Dated this 23rd day of March, 2022, at Kansas City, Kansas.

                                                   s/ John W. Lungstrum
                                                   John W. Lungstrum
                                                   United States District Judge