IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

       **Plaintiff,**

v.                                           Case No. 05-20017-02-JWL

**Miguel Romero,**

       **Defendant.**

## **MEMORANDUM & ORDER**

A jury convicted defendant Miguel Romero of multiple drug crimes, including conspiracy to distribute more than 50 grams of methamphetamine and distribution of methamphetamine. At the time of Mr. Romero's sentencing, the Guidelines as applied to Mr. Romero provided for a base offense level of 38, an adjusted offense level of 43, a criminal history category of IV, and a resulting advisory Guidelines range of life imprisonment. The court ultimately sentenced Mr. Romero to three terms of life imprisonment; one term of ten years; and two terms of four years to run concurrently. Mr. Romero appealed, and the Tenth Circuit affirmed his conviction and sentence. *United States v. Romero*, 516 F.3d 884 (10th Cir. 2008).

In 2015, Mr. Romero filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines. Under the amended guidelines, Mr. Romero's base offense level for the same drug quantities was 36 and his adjusted offense level was 41. With a criminal history category of IV, his applicable guideline range became 360 months to life imprisonment and Mr. Romero sought a reduction to

360 months. The court denied the motion, recognizing that Mr. Romero was eligible for a reduction but concluding that a reduction was not warranted and that several factors supported the imposition of a high-end sentence in the amended range. The Circuit affirmed that decision. *United States v. Verdin-Garcia*, 824 F.3d 1218 (10th Cir. 2016).

Recently, Mr. Romero filed a renewed motion for a sentence reduction pursuant to Amendments 782 and 788 (doc. 494). In that motion, he asked the court to "reassess" its conclusion from years ago in light of his rehabilitative efforts in custody and his assertion that a 360-month sentence is ample punishment for his conduct. On March 23, 2022, the court denied the motion after construing it as an untimely motion for reconsideration. Since that time, the court has received a late reply from Mr. Romero. That reply has persuaded the court that it should address Mr. Romero's motion on the merits. As explained by Mr. Romero, he has presented new arguments, not available to him at the time, in support of his motion for relief and § 3582(c)(2) does not prohibit a second motion to reduce sentence even when that motion is based on the same guidelines amendment as an earlier motion. *See United States v. Green*, 886 F.3d 1300, 1306 (10th Cir. 2018).

That having been said, the court remains convinced that a reduction is not warranted in this case, despite Mr. Romero's rehabilitative efforts while in custody and despite his assertion that a 360-month sentence is sufficient punishment for his conduct. As the court highlighted in connection with Mr. Romero's earlier motion, this case involved "the most significant quantities of drugs" that the court had seen in any prosecution and the court imposed a life sentence in September 2006 without hesitation. Moreover, Mr. Romero's crimes involved weapons and the utilization of young people as recruited associates. He has shown no respect for the law,

particularly in light of the fact that he was previously convicted of drug trafficking, was deported and, upon re-entering, engaged again in extensive drug trafficking activities. He continues to demonstrate a lack of remorse for his crimes (none is expressed in his renewed motion), he engaged in a leadership role in those crimes, and he has demonstrated a propensity to engage in criminal conduct. In light of these significant circumstances, the court remains persuaded that a life sentence is appropriate under § 3553(a).

**IT IS THEREFORE ORDERED BY THE COURT THAT** the court **vacates** its memorandum and order dated March 23, 2022 (doc. 499) and defendant's renewed motion for a sentence reduction pursuant to Amendments 782 and 788 (doc. 494) is **denied on the merits**.

**IT IS SO ORDERED.**

Dated this  31st  day of March, 2022, at Kansas City, Kansas.

                                           s/ John W. Lungstrum
                                           John W. Lungstrum
                                           United States District Judge