## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**United States of America,**

   **Plaintiff,**

**v.**            **Case No. 05-20017-02-JWL**

**Miguel Romero,**

   **Defendant.**

### MEMORANDUM & ORDER

A jury convicted defendant Miguel Romero of multiple drug crimes, including conspiracy to distribute more than 50 grams of methamphetamine and distribution of methamphetamine. At the time of Mr. Romero's sentencing, the Guidelines as applied to Mr. Romero provided for a base offense level of 38, an adjusted offense level of 43, a criminal history category of IV, and a resulting advisory Guidelines range of life imprisonment.  The court ultimately sentenced Mr. Romero to three terms of life imprisonment; one term of ten years; and two terms of four years to run concurrently.  Mr. Romero appealed, and the Tenth Circuit affirmed his conviction and sentence. *United States v. Romero*, 516 F.3d 884 (10th Cir. 2008).

In 2015, Mr. Romero filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines.  Under the amended guidelines, Mr. Romero's base offense level for the same drug quantities was 36 and his adjusted offense level was 41.  With a criminal history category of IV, his applicable guideline range became 360 months to life imprisonment and Mr. Romero sought a reduction to 360 months. The court denied the motion, recognizing that Mr. Romero was eligible for a reduction but

concluding that a reduction was not warranted and that several factors supported the imposition of a high-end sentence in the amended range.  The Circuit affirmed that decision.  *United States v. Verdin-Garcia*, 824 F.3d 1218 (10th Cir. 2016).

Recently, Mr. Romero filed a renewed motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendments 782 and 788 (doc. 494).  The court concluded that a reduction was not warranted and that a life sentence remains appropriate under § 3553(a).  This matter is now before the court on defendant's motion for leave to appeal in forma pauperis (doc. 505).

Early in this case, defendant was determined to be financially unable to retain counsel. Thus, pursuant to Fed. R. App. 24(a)(3), he is entitled to proceed IFP on appeal unless the court certifies that the appeal is not taken in good faith or that defendant is not otherwise entitled to proceed IFP.  Fed. R. App. P. 24(a)(3); 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."); *Coppedge v. United States,* 369 U.S. 438, 445 (1962) ("good faith" in the context of 28 U.S.C. § 1915(a)(3) is demonstrated when the defendant "seeks appellate review of any issue not frivolous," under an objective standard); *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (IFP request on appeal requires demonstration of "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal).  Defendant has not identified any specific issues for appeal.  He asserts only that the issues "are of importance to the integrity and public reputation of legal process and administration of law."  This statement is not a reasoned, nonfrivolous argument on the law and facts.  The court's own review of the issues raised in defendant's § 3582(c)(2) motion reveals that any appeal would be frivolous.  The court, then,

certifies that the appeal is not taken in good faith and the motion to proceed in forma pauperis is denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for leave to appeal in formal pauperis (doc. 505) is denied.

**IT IS SO ORDERED.**

Dated this  20th  day of April, 2022, at Kansas City, Kansas.

 s/ John W. Lungstrum
John W. Lungstrum
United States District Judge