THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

       **Plaintiff,**

v.                                                               Case No. 05-20017-02-JWL

**Miguel Romero,**

       **Defendant.**

## MEMORANDUM & ORDER

A jury convicted defendant Miguel Romero of multiple drug crimes, including conspiracy to distribute more than 50 grams of methamphetamine and distribution of methamphetamine. At the time of Mr. Romero's sentencing, the Guidelines as applied to Mr. Romero provided for a base offense level of 38, an adjusted offense level of 43, a criminal history category of IV, and a resulting advisory Guidelines range of life imprisonment. The court ultimately sentenced Mr. Romero to three terms of life imprisonment; one term of ten years; and two terms of four years to run concurrently. Mr. Romero appealed, and the Tenth Circuit affirmed his conviction and sentence. *United States v. Romero*, 516 F.3d 884 (10th Cir. 2008).

In 2015, Mr. Romero filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines. Under the amended guidelines, Mr. Romero's base offense level for the same drug quantities was 36 and his adjusted offense level was 41. With a criminal history category of IV, his applicable guideline range became 360 months to life imprisonment and Mr. Romero sought a reduction to

360 months. The court denied the motion, recognizing that Mr. Romero was eligible for a reduction but concluding that a reduction was not warranted and that several factors supported the imposition of a high-end sentence in the amended range. The Circuit affirmed that decision. *United States v. Verdin-Garcia*, 824 F.3d 1218 (10th Cir. 2016).

In April 2022, the court denied Mr. Romero's renewed motion for a sentence reduction pursuant to Amendments 782 and 788 after concluding that a life sentence remained appropriate under § 3553(a) despite Mr. Romero's rehabilitative efforts while in custody and despite his assertion that a 360-month sentence is sufficient punishment for his conduct. The Circuit affirmed that decision, holding that the court did not abuse its discretion when it found that Romero's rehabilitative efforts did not outweigh his crime. *United States v. Romero*, 2023 WL 6366799, at *4-5 (10th Cir. Sept. 29, 2023).

This matter is now before the court on Mr. Romero's pro se motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. 523) and a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 filed by the Office of the Public Defender (doc. 530). As will be explained, defendant's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) is dismissed in part and denied in part. Defendant's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 is denied.

**Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)**

The Tenth Circuit has endorsed a three-step test for district courts to utilize in connection with motions filed under § 3582(c)(1)(A). *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)). Under that test, a

court may reduce a sentence if the defendant administratively exhausts his or her claim and three other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a). *Id*.[1] A court may deny compassionate-release motions when any of the three prerequisites is lacking and need not address the others. *Id*. at 1043. But when a district court grants a motion for compassionate release, it must address all three steps. *Id*.  As will be explained, defendant has not come forward with extraordinary and compelling reasons sufficient to warrant a reduction in his sentence.

The Sentencing Commission's policy statement on compassionate release requires "extraordinary and compelling reasons" to warrant a sentence reduction and that the defendant not pose a danger to the public. U.S.S.G. § 1B1.13(a)–(b). As amended in November 2023, the policy statement expands the list of extraordinary and compelling reasons justifying compassionate release from federal detention. U.S.S.G. § 1B.13, amend. 814. Specifically, the policy statement identifies six categories of "extraordinary and compelling reasons" justifying compassionate release. The first four categories pertain to a defendant's: (1) medical circumstances; (2) advanced age and deteriorating health in combination with the amount of time served; (3) compelling family circumstances; and (4) victimization by correctional staff while in custody. U.S.S.G. § 1B1.13(b)(1)–(4), amend. 814. A fifth catch-all category exists for a "circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to

---

[1] The government concedes that defendant has exhausted his administrative remedies.

those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5). The sixth category arises if the defendant has received an unusually long sentence, served at least 10 years, and a change in law produces a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion was filed, after considering the individual circumstances of the defendant. U.S.S.G. § 1B1.13(b)(6).

*Unusually Long Sentence/Change in Law Producing Gross Disparity*

Here, defendant primarily requests relief under the provision concerning an unusually long sentence where there has been a change in law producing a "gross disparity" between the sentence being served and the sentence likely to be imposed today. According to Mr. Romero, the court, if sentencing him today, could employ the Sentencing Commission's Judiciary Sentencing Information (JSIN) tool to fashion a sentence consistent with similarly situated defendants. Defendant contends that this tool reflects that the average sentence for similarly situated defendants (in terms of primary Guideline, final offense level and criminal history score) over the last five years was 336 months and the median sentence for similarly situated defendants over the last five years was 360 months.[2] He also asserts that he would be entitled to the benefit of the Department of Justice's current policy supporting the Eliminating a Quantifiably Unjust Application of the Law ("EQUAL") Act. Next, he asserts that he is entitled to resentencing based on *Alleyne v. United States*, 570 U.S. 99 (2013). Finally, he contends that

---

[2] The government asserts that the average and median sentences for similarly situated defendants is actually lower—that the average length of imprisonment imposed was 297 months and the median length of imprisonment imposed was 300 months.

his sentence should be reduced based on a growing policy disagreement with the current Guidelines 10:1 actual methamphetamine versus mixture ratio.

The court rejects the argument that JSIN statistics support a sentence reduction in this case. While the average and median sentences imposed over the past five years for defendants in the same sentencing range as defendant may be lower than the sentence imposed here,[3] the JSIN does not account for individual factors that ultimately bear on a court's sentencing decision. In this case, the court has repeatedly explained why a life sentence was appropriate in this case and none of those factors are captured in the JSIN data relied upon by defendant.

The court also rejects defendant's argument that he is entitled to the benefit of policy reflected in proposed legislation—the EQUAL Act. The policy inherent in the EQUAL Act does not apply to defendant in any event as that bill would eliminate the distinction between cocaine and crack cocaine for sentencing purposes under 21 U.S.C. § 841(b)(1)(A) and (B). Defendant's convictions did not involve crack cocaine and, thus, utilizing a 1:1 ratio for crack and powder cocaine would simply have no bearing on defendant's sentence.

The court lacks jurisdiction to consider defendant's motion to the extent it is based on the effect that *Alleyne* would allegedly have if he were sentenced today. The Tenth Circuit has held that this argument must be asserted under § 2255. *See United States v. Robinson*, No. 21-7065, 2023 WL 5607511, at *2-3(10th Cir. Aug. 30, 2023) (citing *United States v. Wesley*, 60 F.4th 1277 (10th Cir. 2023)). This argument, then, is not cognizable under § 3582(c)(1)(A). And

---

[3] The median length of imprisonment, however, is just 5 years shorter than the low end of the Guidelines range that is applicable to defendant after Amendment 821 (360 months to life) which can hardly be described as a "gross disparity."

5

because defendant has already filed a § 2255 petition, he must file with the Tenth Circuit a motion for authorization pursuant to § 2255(h) before he may proceed with this claim.

To the extent the court must assess whether to grant or deny a certificate of appealability (COA) to defendant in connection with any appeal of the court's dismissal of a portion of his § 3582(c)(1)(A) motion as a successive § 2255 petition, the court declines to issue a COA. To obtain a COA where, as here, the court has dismissed a filing on procedural grounds, the movant must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court need not address the constitutional question if it concludes that reasonable jurists would not debate the court's resolution of the procedural one. *Id*. at 485. Because reasonable jurists would not debate the correctness of this court's conclusion that this aspect of defendant's § 3582(c)(1)(A) motion must be construed as an unauthorized second § 2255 petition, the court declines to issue a COA. This aspect of defendant's motion, then, is dismissed.

That leaves defendant's argument that his sentence would be lower today because the court, according to defendant, would likely reject the Guidelines' 10:1 purity ratio for methamphetamine offenses. To be clear, defendant has not pointed to any change in the law concerning the methamphetamine Guidelines and there has been none. In any event, courts including this one have routinely rejected the argument that the methamphetamine-related sentencing guidelines present extraordinary and compelling circumstances sufficient for a sentence reduction. *See, e.g., United States v. Barajas*, 2024 WL 181833, at *2 (D. Kan. Jan. 17,

2024) (collecting cases); *United States v. Casares-Cuevas*, 2023 WL 7157860, at *3 (D. Nev. Oct. 31, 2023) (rejecting argument that defendant's higher base offense level for possessing methamphetamine actual versus methamphetamine mixture creates sentencing disparity; newly sentenced defendants convicted of the same crime would receive similar sentence); *United States v. Hanks*, 2023 WL 6133441, at *2-3 (S.D. Miss. Sept. 19, 2023) (sentencing is the more appropriate stage to consider policy disagreements with methamphetamine guidelines; asserted "unjust" distinction between pure methamphetamine and methamphetamine mixtures is not an appropriate basis for compassionate release); *United States v. Champion*, 2023 WL 5604175, at *4 (W.D.N.C. Aug. 29, 2023) (harsher treatment of higher purity methamphetamine does not present extraordinary and compelling reason for reduction); *United States v. Hall*, 2023 WL 3366547, at *3 (W.D. La. May 10, 2023) (rejecting argument that "outdated" methamphetamine guidelines and resulting sentence presented extraordinary and compelling circumstances for release).

For the foregoing reasons, defendant has not shown that he is entitled to relief under § 1B1.13(b)(6) because there is no change in law that results in any gross disparity between the sentence he is serving and the sentence likely to be imposed today.

*Restrictive and Harsh Conditions in light of Covid Pandemic*

Defendant also argues that restrictive and harsh conditions required by the COVID-19 pandemic warrant a sentence reduction. These conditions include, for example, extended lockdowns, cold food, and inadequate cleaning supplies. This argument does not fall within the listed categories in U.S.S.G § 1B1.13(b) and is not similar in gravity to the circumstances

7

identified in the first four categories of the applicable policy statement such that it might satisfy the catch-all provision in subsection (b)(5).  Moreover, defendant has not established that these conditions are sufficiently extraordinary and compelling to justify a sentence reduction. The conditions he describes are conditions that every inmate in his facility is enduring—he identifies no risk factor or condition specific to him that warrants relief.  He has made only generalized assertions about harm applicable to every inmate.  This argument, then, is denied.  *See United States v. Cortez-Diaz*, No. 11-20031-01-JWL, 2024 WL 263187, at *3 (D. Kan. Jan. 23, 2024) (pandemic conditions that affect all inmates equally do not warrant sentence reduction).

*Summary*

While the court has addressed each of defendant's arguments for a sentence reduction individually, the court emphasizes that even viewing all of those circumstances in combination, defendant has not demonstrated extraordinary and compelling circumstances that warrant a sentence reduction under 18 U.S.C. 3582(c)(1)(A).  His motion is, therefore, denied.[4]

**Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2)**

The court turns, then, to defendant's motion to reduce under 18 U.S.C. 3582(c)(2). "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *See United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Section 3582 allows for a possible sentence reduction for a defendant

---

[4] While defendant also contends that his rehabilitation warrants a sentence reduction, the court's rejection of defendant's other arguments is fatal to this argument.  *See* 28 U.S.C. § 994(t) (rehabilitation alone is not an extraordinary and compelling reason for release).

"who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(2). In resolving defendant's motion, then, the court first determines if a retroactive amendment to the Sentencing Guidelines indeed lowered defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. *Dillon v. United States*, 560 U.S. 817, 826 (2010).

The Sentencing Commission amended the United States Sentencing Guidelines effective November 1, 2023. *See* 88 Fed. Reg. 28,254, 2023 WL 3199918 (May 3, 2023). Relevant here, Part A of Amendment 821 limits the criminal history impact of "status points" when the offense is committed while under a criminal justice sentence. Specifically, under Part A, a defendant's status points are decreased by one if he has seven or more criminal history points, and his status points are eliminated if he has six or fewer criminal history points. Defendant was assessed two additional criminal history points (or "status points") because he committed the instant offense while on probation in another case. Applying Part A of Amendment 821, defendant's status points would be eliminated because he has six or fewer criminal history points. With a resulting total of 5 criminal history points and a criminal history category of III, coupled with a post-Amendment 782 offense level of 41, defendant's amended guideline range is 360 months to life. Defendant requests a reduction to 360 months. The government concedes that defendant is eligible for a reduction but contends that a reduction remains unwarranted in this case because

9

defendant failed to meet his burden to show that a reduction is consistent with the factors set forth in 18 U.S.C. § 3553(a).

The court agrees with the parties that defendant is eligible for a reduction pursuant to Amendments 821 and 782. The court, then, must consider whether a reduction is warranted under the factors set forth in § 3553(a) to the extent they are applicable. *See Dillon*, 560 U.S. at 824-26; *United States v. Green*, 886 F.3d 1300, 1306-07 (10th Cir. 2018) (citing *Dillon*, 560 U.S. at 826-27). According to the application notes to § 1B1.10, a court must consider the nature and seriousness of the danger the reduction in sentence poses to any person or the community and may consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment. U.S.S.G. § 1B1.10, cmt. n. 1(B)(ii)-(iii).

In support of his motion, defendant relies solely on evidence of his rehabilitation while in BOP custody. Specifically, defendant highlights that he has worked in his facility's kitchen for years and has worked his way up to a position that requires working with knives, blades and other dangerous equipment, evidencing his trustworthiness and reliability. He submits a letter from an assistant food service administrator who states that defendant works hard and is reliable. He notes that he is housed in a medium security facility rather than a high security facility as typically required for inmates serving life sentences. Defendant also sets forth evidence of his "religious transformation," including his letter to the court and letters from other inmates describing how defendant has helped them in various respects, including serving as a spiritual inspiration. It is apparent from the record that defendant's faith and bible study has been a source of strength and comfort while in custody and he has helped others embrace their faith as well.

And yet, there are significant gaps in the rehabilitation described by defendant. Attached as Exhibit 1 to defendant's motion is defendant's Individualized Needs Plan/Program Review dated July 2023. In the box titled "Progress Since Last Review," defendant's Unit Team notes that defendant has not completed any educational courses since 2021. While defendant asserts that educational programs give preference to inmates with earlier release dates, he offers very little evidence of this fact and no evidence that he in fact attempted to enroll in any course since 2021 but was denied. The July 2023 Program Review also contains a recommendation from defendant's Unit Team that defendant enroll in the Non-Residential Drug Abuse Program for completion by January 2024. There is no evidence in the record that defendant enrolled in this program or attempted to enroll in this program. The Program Review contains an additional recommendation from defendant's Unit Team that defendant enroll in a "Trauma-Informed Correctional Care" course for completion by July 2024. There is no evidence in the record that defendant attempted to do so. Defendant's failure to address these specific recommendations from his Unit Team are glaring omissions in the record.

In the end, the court agrees with the government that there has been no significant change in defendant's circumstances since the court reviewed defendant's rehabilitative efforts in April 2022 and denied a reduction at that time. Notably, in the Tenth Circuit's decision affirming the court's denial of a reduction, the Circuit stated that "the record supporting Romero's rehabilitation claim is thin." *United States v. Romero*, 2023 WL 6366799, at *4 (10th Cir. Sept. 29, 2023). Very little has changed. The court, then, denies defendant's motion for a sentence reduction.

11

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. 523) is **dismissed in part and denied in part.**  Defendant's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 (doc. 530) is **denied**.

**IT IS SO ORDERED.**

Dated this 5th day of December, 2024, at Kansas City, Kansas.

                                                        s/John W. Lungstrum
                                          HON. JOHN W. LUNGSTRUM
                                          United States District Judge