## THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**United States of America,**

        **Plaintiff,**

**v.**                                                                 **Case No. 05-20017-02-JWL**

**Miguel Romero,**

        **Defendant.**

### MEMORANDUM AND ORDER

A jury convicted defendant Miguel Romero of multiple drug crimes, including conspiracy to distribute more than 50 grams of methamphetamine and distribution of methamphetamine. At the time of Mr. Romero's sentencing, the Guidelines as applied to Mr. Romero provided for a base offense level of 38, an adjusted offense level of 43, a criminal history category of IV, and a resulting advisory Guidelines range of life imprisonment. The court ultimately sentenced Mr. Romero to three terms of life imprisonment; one term of ten years; and two terms of four years to run concurrently. Mr. Romero appealed, and the Tenth Circuit affirmed his conviction and sentence. *United States v. Romero*, 516 F.3d 884 (10th Cir. 2008).

In 2015, Mr. Romero filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines. Under the amended guidelines, Mr. Romero's base offense level for the same drug quantities was 36 and his adjusted offense level was 41. With a criminal history category of IV, his applicable guideline range became 360 months to life imprisonment and Mr. Romero sought a reduction to

360 months.  The court denied the motion, recognizing that Mr. Romero was eligible for a reduction but concluding that a reduction was not warranted and that several factors supported the imposition of a high-end sentence in the amended range.  The Circuit affirmed that decision. *United States v. Verdin-Garcia*, 824 F.3d 1218 (10th Cir. 2016).

In December 2024, the court denied in part and dismissed in part Mr. Romero's pro se motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) and denied a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 filed by the Office of the Public Defender.  On June 20, 2025, Mr. Romero, pursuant to Federal Rule of Appellate Procedure 4(a)(6), filed a pro se motion to reopen the time to file an appeal of the court's December 2024 memorandum and order (doc. 538).

Mr. Romero brings his motion under Rule 4(a)(6).  This rule, however, applies only to appeals in civil cases. This case is clearly a criminal case to which Rule 4(a)(6) does not apply. *See United States v. Espinosa–Talamantes*, 319 F.3d 1245, 1246 (10th Cir. 2003) (a motion to modify a term of imprisonment pursuant to § 3582 is "a continuation of the prior criminal proceeding" and, thus, the rules governing appeals in criminal cases set forth in Fed. R. App. P. 4(b) apply despite fact that district court docketed motion as a civil proceeding).  Under the pertinent rules applicable to appeals in criminal cases, Mr. Romero had 14 days to file his notice of appeal from the court's December 5, 2024 order. *See* Fed. R. App. P. 4(b)(1)(A)(i).  Mr. Romero, then, was required to file his notice of appeal no later than December 19, 2024.

Under Rule 4(b)(4), the court may extend the time to file a notice of appeal for an additional thirty days upon a finding of excusable neglect or good cause. However, the extension may not exceed "30 days from the expiration of the time otherwise prescribed by this Rule

4(b)." Fed. R. App. P. 4(b)(4). As noted above, Mr. Romero was required to file his notice of appeal by December 19, 2024. His request for an extension of time, filed in June 2025, falls well outside the 30–day extension period and the court cannot grant an extension of time. *See United States v. Phillips*, 44 Fed. Appx. 353, 354 (10th Cir. Aug.7, 2002) (district court was "undoubtedly correct" when it concluded that it could not extend the time for an appeal past the thirty days allowed in Rule 4(b)(4)). Mr. Romero's motion, then, is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Mr. Romero's motion to reopen time to file an appeal (doc. 538) is denied.

**IT IS SO ORDERED.**

Dated this 19th day of August, 2025, at Kansas City, Kansas.

s/John W. Lungstrum
HON. JOHN W. LUNGSTRUM